UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deontray Vershon Tate,

        Petitioner,

v.                                                             Case No. 17-cv-4594 (JNE/BRT)
                                                                  ORDER

Jeff Titus, Warden, Rush City Correctional
Facility,

        Respondent.

In a Report and Recommendation dated April 19, 2018, the Honorable Becky R. Thorson, United States Magistrate Judge, recommended that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied, that a certificate of appealability be denied, and that this action be dismissed with prejudice. Petitioner objected. Thirteen days later, he sought a stay. The next day, Respondent responded to the objections:

> Respondent relies on this Court's Report and Recommendation, filed April 19, 2018, in all ways. Respondent will not be filing a further response to Petitioner's Objections unless this Court so orders.

To support his motion for a stay, Petitioner asserted that he filed a petition for postconviction relief in state court on November 22, 2017;[1] that a state court denied the petition for postconviction relief in late April 2018; that he intends to appeal and, if necessary, to file a federal habeas petition; and that he believes "that if a final decision is made regarding [his] current Habeas Petition during the pendency of [his] upcoming Petition for Postconviction Relief, that such decision may stand to operate as a bar to

---

[1] Petitioner filed his petition for a writ of habeas corpus under § 2254 on October 10, 2017.

Petitioner bringing any potential federal issues raised in his Petition for Postconviction relief before this Court under 28 U.S.C. § 2244(b)(2)." The Court denies the motion for a stay. *Cf. Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."); *Evans v. Smith*, 220 F.3d 306, 322 (4th Cir. 2000) ("As the district court observed, the grant of a stay and subsequent leave to amend would have circumvented the habeas statute. Such action would have allowed Evans to file what would essentially be a second or successive petition while evading the prerequisites that Congress has established for the filing of such petitions."); *Neal v. Gramley*, 99 F.3d 841, 846 (7th Cir. 1996) ("Neal's lawyer is frank that the reason for his motion is to circumvent the limitations that the Act places on the filing of successive motions for federal habeas corpus; for he thinks that the decision of the state court on the third petition may provide a basis for the filing of a second petition for federal habeas corpus. It would not be proper for us to cooperate in an effort to thwart congressional policy by using the device of a stay to transform two petitions for federal habeas corpus into one.").

The Court has conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1) (2012). Based on that review, the Court overrules Petitioner's objections and accepts the recommended disposition [Docket No. 17]. Therefore, IT IS ORDERED THAT:

1. Petitioner's motion for a stay [Docket No. 19] is DENIED.

2

2. Petitioner's petition for a writ of habeas corpus [Docket No. 1] is DENIED.

3. A certificate of appealability is DENIED.

4. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 31, 2018

                                                    s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge